1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | CASE NO. 1:09-cv-00931-YNP PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Doc.  11, 12, 13, 15, 16) |
| P. L. VAZQUEZ, et al., | |
| Defendants. | |

_____/

Plaintiff Harold Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are five motions filed by Plaintiff.  On September 21, 2009, Plaintiff filed a "Notice of Change of Address and Motion for Emergency Injunctive Relief and Motion for Appointment of Counsel."  (Doc. #11.) Also on September 21, 2009, Plaintiff filed a motion requesting the Court to effect service of Plaintiff's motion on Defendants.  (Doc. #12.) On October 28, 2009, Plaintiff filed another "Motion for Emergency Injunctive Relief."  (Doc. #13.)  On November 13, 2009, Plaintiff filed a "Second Motion for Emergency Injunctive Relief." (Doc. #15.) On December 7, 2009, Plaintiff filed another "Motion for Emergency Injunctive Relief."  (Doc. #16.)  Plaintiff has consented to jurisdiction by U.S. Magistrate Judge.  (Doc. #14.)

**I.    Background**

    **A.    Plaintiff's Motions for Injunctive Relief**

Plaintiff's first motion for injunctive relief, filed on September 21, 2009, does not describe what injunctive relief Plaintiff is seeking.  Plaintiff's motion only describes incidents of harassment

1

by correctional officers, some of which were named as defendants in Plaintiff's complaint.  Plaintiff does not identify what he is requesting the Court to do and Plaintiff does not identify any definite threat of future irreparable harm.

Plaintiff's second motion for injunctive relief, filed on October 28, 2009, also does not request any specific kind of relief.  Plaintiff describes an incident where he was moved from one building to another and was unable to obtain his medications due to the move.  Plaintiff also describes further acts of harassment from correctional officers.  Plaintiff claims he is being harassed by correctional officers due to his pending lawsuits against them.  Plaintiff complains that his legal materials are missing and he is unable to respond to court orders.

Plaintiff's third motion for injunctive relief, filed on November 13, 2009, again fails to identify what specific kind of relief Plaintiff wishes the Court to grant.  Plaintiff's motion complains that Defendants are screening out his administrative appeals, that Plaintiff does not have sufficient access to the law library, that the law library is not up to date, that Plaintiff has to trade food to other inmates to get paper, that Plaintiff does not have clean clothes, and that Plaintiff does not have access to cleaning supplies to clean his cell.

Plaintiff's fourth motion for injunctive relief, filed on December 7, 2009, specifically requests that the Court order Defendants to stop denying Plaintiff access to the showers.  Plaintiff also requests that the Court order Defendants to stop denying Plaintiff access to the yard or outside recreation.  Finally, Plaintiff requests that the Court order Defendants to grant Plaintiff at least eight hours a week in the law library.

**B.**     **Plaintiff's Motion for Appointment of Counsel**

Plaintiff's motion for appointment of counsel states that Plaintiff is being denied writing material, being denied access to the law library, and that Plaintiff's legal materials are being thrown away.  As a result, Plaintiff alleges that he is unable to contact the courts that he has pending litigation in, and is unable to draft responses to court orders.  Plaintiff further claims that he is not receiving orders and correspondences from this court or the Court of Appeals for the Ninth Circuit.

///

///

1    **C.    Plaintiff's Motion for Service**

2    Plaintiff's motion requesting the Court to effect service of his complaint on Defendants states

3    that Plaintiff is being denied paper and does not have access to a copy machine.  As a result, Plaintiff

4    claims that he is unable to serve Defendants with a copy of his September 21, 2009 motion for

5    injunctive relief and appointment of counsel.

6    **II.   Discussion**

7    **A.    Injunctive Relief**

8    Plaintiff has filed four motions for preliminary injunctive relief.  The purpose of a

9    preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the

10   moving party that justice requires the court to intervene to secure the positions until the merits of the

11   action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A

12   plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

13   that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

14   equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural

15   Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

16   "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

17   granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v.

18   Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A

19   party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by

20   evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order,

21   the Prison Litigation Reform Act ("PLRA") provides that:

22          [i]n any civil action with respect to prison conditions, to the extent
            otherwise authorized by law, the court may enter a temporary
23          restraining order or an order for preliminary injunctive relief.
            Preliminary injunctive relief must be narrowly drawn, extend no
24          further than necessary to correct the harm the court finds requires
            preliminary relief, and be the least intrusive means necessary to
25          correct that harm.

26   18 U.S.C. § 3626(a)(2).

27   Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of

28   a preliminary injunction.  Plaintiff's motions describe past incidents of harassment but Plaintiff fails

3

to identify a definite future risk of harassment or irreparable harm. Plaintiff has at most alleged that there is a hypothetical chance of future harassment based on a history of past harassment. Further, if Plaintiff is able to identify a definitive threat of harm in the future, Plaintiff must also demonstrate that the harm will be <u>irreparable</u>. A preliminary injunction is an extraordinary remedy. With respect to Plaintiff's claims of future harassment, Plaintiff must demonstrate what injury he will likely suffer in the future and also demonstrate that such injury cannot be adequately compensated by filing a separate lawsuit.

With respect to Plaintiff's claim that he will likely be denied law library access or access to his legal materials in the future, Plaintiff must demonstrate that he will likely suffer prejudice in his cases in the future. Plaintiff has not identified any specific deadlines that he is facing in any of his cases, or provided the Court with information on what he is working on in the law library, and why it requires access to the law library for eight hours a week. Due to the extraordinary nature of a preliminary injunction and the Court's reluctance in regulating the every day affairs of prison officials, it is more proper for Plaintiff to seek remedies for the alleged access to courts violations via separate lawsuits for damages, or requests for extension of time in the lawsuits he is facing deadlines in.

Finally, the Court notes that Plaintiff's motions are not accompanied by any evidence that Plaintiff is likely to succeed on the merits of his claims, that the balance of equities tips in his favor, or that injunctive relief is in the public's interest. The Court will deny Plaintiff's motions for injunctive relief.

### B.   <u>Appointment of Counsel</u>

Plaintiff requests that the Court appoint counsel for him in this civil rights action against prison officials. Plaintiff does not have a constitutional right to appointed counsel in this action. <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Further, the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). The Court's power to obtain counsel for Plaintiff and other pro se litigants is limited to requesting the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

4

Because the Court lacks the authority to require an attorney to represent Plaintiff, the Court has no reasonably effective means of securing and compensating counsel to represent litigants like Plaintiff. Therefore, the Court will only seek volunteer counsel in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. The Court has dismissed Plaintiff's claims because Plaintiff has not alleged facts that state any cognizable claims. Further, even if Plaintiff is able to amend his complaint to state cognizable claims, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims at this early stage in the proceedings. Additionally, Plaintiff's case is not exceptional.   Finally, the Court does not find that Plaintiff cannot adequately articulate his claims. Although Plaintiff's complaint was dismissed, the Court has provided Plaintiff with the relevant legal standards for stating cognizable claims. Plaintiff's motion for the appointment of counsel will be denied.

## C.   Motion for Service

Plaintiff requests that the Court effect service of his September 21, 2009 motion on Defendants because he does not have access to paper or a copy machine. Plaintiff has provided no legal argument as to why he is entitled to service of his motion at the Court's expense. Further, upon review of Plaintiff's motions, the Court has found that Plaintiff is not entitled to the injunctive relief that his motion requests and that his motion should be denied. See discussion supra Part II.A. Therefore, Plaintiff's request that the Court serve Defendants with a copy of his motion will be denied as moot.

## III.   Conclusion and Order

The Court finds that Plaintiff has not demonstrated that he is entitled to injunctive relief. Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of injunctive relief.  Plaintiff has also failed to demonstrate that he is likely to succeed on the merits of his claims, that the balance of equities tips in his favor, or that an injunction is in the public's interest. The

Court also finds that Plaintiff is not entitled to appointment of counsel for this case and that Plaintiff's motion for the Court to effect service of his September 21, 2009 motion should be denied as moot.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's September 21, 2009 motion for injunctive relief is DENIED;

2. Plaintiff's September 21, 2009 motion for appointment of counsel is DENIED;

3. Plaintiff's September 21, 2009 motion requesting the Court to effect service of Plaintiff's motion be DENIED;

4. Plaintiff's October 28, 2009 motion for injunctive relief is DENIED;

5. Plaintiff's November 13, 2009 motion for injunctive relief is DENIED; and

6. Plaintiff's December 7, 2009 motion for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:   **December 28, 2009**                        **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE